IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK A. BYERS, JR. | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | ) |
| | )   Case No. 3: 22-cv-00369-JPG |
| DAN SPROUL, | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM AND ORDER**

### I. Introduction

This is a post-conviction proceeding. Before the Court is Petitioner Patrick A. Byers, Jr. ("Petitioner" or "Byers") § 2241 (Doc. 1). Byers is currently housed in Oklahoma City FTC, but was previously housed in USP Marion. [1]

### II. Analysis

Petitioner faced capital charges in the U.S. District Court for the District of Maryland for conduct stemming from the murder of Caryl Stanley Lackl, who was expected to testify against Byers in a state murder trial. On April 17, 2009, a jury convicted Byers of the following offenses: Conspiracy to Use a Facility of Interstate Commerce in the Commission of a Murder for Hire in violation of 18 U.S.C. § 1958(a) (Count One); Use of a Facility of Interstate

---

[1] "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A court "may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it." Id. § 2241(b). "In accord with the statutory language ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held ...." *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) (citing *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996)). But "when the Government moves a habeas petitioner after [ ]he properly files a petition naming h[is] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id*. at 441, 124 S.Ct. 2711; see also Ex Parte Endo, 323 U.S. 283, 306–07, 65 S.Ct. 208, 89 L.Ed. 243 (1944). Thus, this Court may retain jurisdiction to hear Petitioner's § 2241. *Gamboa v. Daniels*, 26 F.4th 410, 414 (7th Cir. 2022).

Commerce in the Commission of a Murder for Hire in violation of 18 U.S.C. § 1958(a) (Count Two); Conspiracy to Kill Another Person with Intent to Prevent his Communication to a Law Enforcement Office or Judge of the United States Related to the Commission or Possible Commission of a Federal Offense in violation of 18 U.S.C. §§ 1512(a)(1)(C), (3)(A), and (k) (Count Three); Killing Another Person with intent to Prevent his Communication to a Law Enforcement Officer or Judge of the United States related to the Commission or Possible Commission of a Federal Offense in violation of 18 U.S.C. §§ 1512(a)(1)(C), (3)(A), and (k) (Count Four); Using a Firearm in Furtherance of a Crime of Violence, and Aiding and Abetting the Use of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count Five); Causing the Death of Carl Stanley Lackl through the Use of a Firearm in the Course of the Commission of the Offense Charged in Count Five in violation of 18 U.S.C. § 924(j) (Count Six); Conspiracy to Use a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(o) (Count Seven); and Unlawful Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1) (Count Eight). Because the jury was not able to reach a unanimous verdict on the death penalty, the district court sentenced him to four consecutive terms of life in prison.

The United States Court of Appeals for the Fourth Circuit affirmed Byers' convictions and sentence. *United States v. Byers*, 649 F.3d 197, 201 (4th Cir. 2011). Byers later filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The sentencing court denied Byers' motion to vacate and denied a certificate of appealability. On March 22, 2022, the sentencing court permitted Byers to amend his original petition under § 2255 on Counts Three, Four, and Eight. Specifically, the district court held the following:

> In *United States v. Smith*, 723 F.3d 510, 515 (4th Cir. 2013), the Fourth Circuit held that Fowler is retroactively applicable to cases on collateral review. Given

this Court's instructions to the jury on Counts Three and Four, the Petitioner's convictions and sentences on those counts could possibly be subject to a meritorious collateral attack. (Apr. 16. 2009 Tr., ECF No. 392 at 722-26.) Byers, however, proceeding pro se, did not raise this issue in either his original or supplemental § 2255 petition. In light of the mandatory nature of the life sentences imposed on Counts Three and Four, this Court concludes that extraordinary circumstances warrant granting Petitioner relief under Federal Rule of Civil Procedure 60(b) and permitting him to amend his § 2255 petition to address the change in the law governing Counts Three and Four.

*Byers v. United States*, No. CR RDB-08-056, 2022 WL 846260, at *3 (D. Md. Mar. 22, 2022).

In the instant petition filed pursuant to § 2241, Byers challenges the fact he is "actually and factually innocent of the crime of 18 U.S.C. 1512 'Murder of Government Witness.'" (Doc. 1 at 3). This is Count Three that the sentencing court has allowed him to amend. In light of the fact the sentencing court has allowed Byers to amend his § 2255 petition regarding a claim that is the subject of his § 2241 petition, Byers cannot satisfy the savings clause in § 2255. A prisoner may bring a claim under § 2241 to challenge his sentence if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In light of the fact his § 2255 is pending, the Court will dismiss Byers' petition without prejudice.

### III.  Conclusion

For the foregoing reasons, the Court:

- **DISMISSES** Byers' § 2241 without prejudice;
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  April 25, 2022**

/s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**